UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEWIS KRUGER, Individually and on behalf of all others similarly situated, | ) ) ) ) | Civ. 12-4085-KES |
| Plaintiff, | ) ) ) | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| vs. | ) ) | |
| DENNIS KAEMINGK, in both his individual and official capacities as the Secretary of Corrections for South Dakota; and DOUGLAS L. WEBER, in both his individual and official capacities as both the Chief Warden and the Director of Prison Operations for South Dakota; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

    Plaintiff, Lewis Kruger, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. §§ 1983 and 2000cc against defendants. Kruger asserts that defendants have substantially burdened his right to the free exercise of his religion in violation of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Kruger is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Kruger moves for leave to proceed in forma pauperis.

    The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible, even if in

forma pauperis status is sought. "When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Kruger has indicated the average of the monthly deposits to his account is $68.17 and the average monthly balance of his account is $141.60. Kruger must make an initial partial filing fee of $28.32, which is 20 percent of $141.60. Accordingly, Kruger is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Kruger's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995).

Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the

claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

Kruger asserts that he has been a practitioner of Messianic Judaism for the past several years. Docket 1 at ¶ 10. According to Kruger, "Messianic Judaism is a form of belief that, while incorporating elements from both Christianity and Judaism, is a fully separate and divergent form of worship." *Id.* at ¶ 11. Messianic Jews "claim Jesus as the Messiah of Israel and Savior of the world, and call him by his original Hebrew name, Yeshua." *Id.*[1] Messianic Jews "consider all 66 books of the Bible, from Genesis to Revelation, as the Inspired Word from God, to be believed and practiced." *Id.* Messianic Jews observe the religious celebrations set forth in "Leviticus 23 and 25, plus a few more, plus what [they] find in the New Testament regarding Yeshua." *Id.*

---

[1] For the sake of clarity, the court will refer to practitioners of Messianic Judaism as Messianic Jews.

Kruger asserts that prison officials have substantially burdened the exercise of his religion by refusing his requests for "a place and time to conduct Messianic Jewish worship services." *Id.* at ¶ 16. According to Kruger, when his request was initially denied, no reason was given. *Id.* After Kruger proceeded through the first step of the prison grievance process, he was told that "he needed an [sic] SDDOC trained outside volunteer to act as a spiritual advisor." *Id.* at ¶ 17. Kruger asserts that this response is "prejudicial" because "there are several other religious groups that do not require outside volunteers – namely the Jewish, Wiccan, and Assatru groups[.]" *Id.* at ¶ 18. At the final stage of the grievance process, Kruger's request was again denied and Warden Weber told him he could "satisfy his religious needs by attending both Christian and Jewish services and individual study in his cell." *Id.* at ¶ 19.

Kruger argues that this response "trivializes his beliefs" and compares it to "requir[ing] a Baptist or Lutheran to 'make do' with Catholic services (or vice versa) simply because they are all "Christian religions." *Id.* at ¶ 20. Kruger argues that this "imposes a substantial burden upon [his] sincerely held religious beliefs." *Id.* Kruger asserts that Christian services are insufficient because "they leave out the rich traditions and ceremonies of the Jewish faith (i.e. Kiddush, Havdolah, and Passover, etc.)" and that standard Jewish services are insufficient because he "believes that Yeshua (Jesus) is the Messiah and [this belief] is an integral part of any worship service." *Id.* Thus, Kruger argues

5

that the prison officials' decision is not the least restrictive means of furthering a compelling government interest that may support defendants' decision.

In order to state a First Amendment claim, Kruger must allege facts tending to show that prison officials have substantially burdened the free exercise of his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening one's free exercise of religion means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir.2004) (quotation and alterations omitted). The Court of Appeals for the Eighth Circuit observed in *Weir v. Nix*, 114 F.3d 817, 821 (8th Cir. 1997), that an inmate's free exercise rights may be substantially burdened when his "sole opportunity for group worship arises under the guidance of someone whose beliefs are significantly different from his own[.]" (citing *SapaNajin v. Gunter*, 857 F.2d 463, 464 (8th Cir. 1988)). Under RLUIPA, prison officials may justify the burdensome regulation or decision if it serves a compelling interest achieved by the least restrictive means. 42 U.S.C. § 2000cc-1(a). Under § 1983, prison officials may overcome Kruger's free exercise clause claim if the burden is reasonably related to a legitimate

penological interest pursuant to the balancing test in *Turner v. Safley*, 482 U.S. 78 (1987).

After reviewing Kruger's complaint and the materials attached thereto, the court concludes that Kruger's RLUIPA and § 1983 free exercise claims are sufficiently pleaded to survive initial review under 28 U.S.C. § 1915. Therefore, it is

ORDERED that Kruger's motion for leave to proceed in forma pauperis (Docket 3) is granted and Kruger's motion for service by the U.S. Marshals Service (Docket 5) is granted. Kruger will make an initial partial filing fee of **$28.32 by July 2, 2012,** made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that the Clerk will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of the service.

IT IS FURTHER ORDERED that plaintiff will serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

Dated May 30, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE